```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

|                          |   |                                |
|--------------------------|---|--------------------------------|
| UNITED STATES OF AMERICA | : |                                |
|                          | : |                                |
|        v.                | : | Criminal No. DKC 10-0260       |
|                          |   | Civil Action No. DKC 16-1684   |
|                          | : |                                |
| THOMAS ANTHONY HUBBARD   |   |                                |
|                          | : |                                |

**MEMORANDUM OPINION**

On May 17, 2010, Thomas Anthony Hubbard ("Mr. Hubbard" or "Petitioner") was charged in a three-count Indictment with attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count One); possession and brandishing of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Two); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count Three).  (ECF No. 1).  On October 24, 2011, Mr. Hubbard pled guilty to Counts One and Two. (ECF Nos. 27 & 28).  The § 924(c) charge in Count Two was predicated on attempted Hobbs Act robbery, as charged in Count One.  Mr. Hubbard was sentenced to a total of 295 months of imprisonment: 211 months' imprisonment as to Count One and 84 months' imprisonment as to Count Two, to run consecutively.  (ECF No. 38). Count Three was dismissed on the motion of the government.

Mr. Hubbard, through the Office of the Federal Public Defender, filed a motion to vacate conviction on May 16, 2016 (ECF

No. 46) and a corrected motion to vacate conviction on June 14, 2016. (ECF No. 47). Mr. Hubbard seeks vacatur of his § 924(c) conviction. Pursuant to 18 U.S.C. § 924(c), an additional term of incarceration may be imposed upon "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." The "crime of violence" underlying Mr. Thomas' § 924(c) charge was attempted Hobbes Act robbery. Mr. Hubbard correctly argues in his motion (ECF No. 46) and supplements (ECF Nos. 48, 49[1], 52, 53, 56, 57) that this offense no longer qualifies as a crime of violence in light of the recent opinion of the United States Supreme Court in *United States v. Davis*, 139 S. Ct. 2319 (2019), and the recent opinion of the United States Court of Appeals for the Fourth Circuit in *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020). The Fourth Circuit held squarely in *Taylor* that attempted Hobbs Act robbery is no longer a "crime of violence" under 18 U.S.C. § 924(c). As the government acknowledges,[2] *Taylor* is controlling

---

[1] This supplement was also filed with a motion for leave to supplement, which will be granted.

[2] Despite acknowledging that *Taylor* is controlling precedent, the government nonetheless opposes granting relief in this case because it does not concede that *Taylor* was decided correctly and asserts that it is likely the Solicitor General's Office will petition for writ of certiorari challenging the decision. (ECF No. 54, at 8).

precedent for this court.  Accordingly, Mr. Hubbard is entitled to have his § 924(c) conviction vacated.

The vacating of this conviction necessitates a resentencing on the remaining count, in light of the government's request. Chambers will contact counsel to schedule the hearing and submission of memoranda.

                                     /s/
                              DEBORAH K. CHASANOW
                              United States District Judge